THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ACEVEDO BARRETO, Defendant and Appellant.

No. 8629.   Argued June 20, 1941.—Decided July 10, 1941.

*Diego E. Ramos* for appellant.   *Emilio de Aldrey, Acting Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Miguel Acevedo Barreto was charged in the Municipal Court of Aguadilla with a violation of Section 12 of Act

No. 75 of 1925 (Session Laws, p. 550), as amended by Act No. 31 of 1929 (Session Laws, p. 198).

In an appeal to the district court, the case was tried *de novo,* on November 25, 1940, and the defendant was sentenced to pay a fine of $50 and the costs, the court ordering the confiscation of the effects seized and their sale at public auction by the marshal.

From that judgment the present appeal has been taken, and the only error assigned is that the trial court erred in "admitting a complaint which charges the defendant with more than one offense."

██ In his argument under that assignment the appellant maintains that, according to the terms of the act alleged to have been violated, any person shall be considered as practicing dental surgery who "(1) may be the owner . . . of a place where dental operations are performed; or who, (2), maintains . . . an office equipped with dental instruments used in the practice of dental surgery, except dealers in instruments or supplies used in said surgery, . . . ; or who, (3), uses the words or letters 'Doctor of Dental Surgery'," and, as it is alleged in said complaint that " . . . the said defendant . . . was practicing dental surgery in Aguadilla, P. R., because (1) he owned an office where he used to perform dental operations; and further, (2) not being a dealer in instruments used in the practice of dental surgery or physician, he owned and kept open to the public an office equipped with dental instruments to be used in the practice of dental surgery in Puerto Rico; and further, (3) he used the words or called himself "Doctor of Dental Surgery," it must be concluded that he was charged with the commission of three different offenses, and this is contrary to the provisions of section 77 of the Code of Criminal Procedure, which prescribes that—

"The information must charge but one offense, but the same offense may be set forth in different forms under different counts,

and, when the offense is committed by the use of different means, the means may be alleged in the alternative in the same count.''

He then states that he has failed to find any local jurisprudence in regard to the point raised and cites Wharton Criminal Pleading and Practice, 9th ed., 1899, pp. 175–177, sec. 251.

The appellant is wrong. The complaint only charges the defendant with the commission of a single offense, the illegal practice of dental surgery, committed in different forms or modalities as specified by law, and a complaint so worded is permissible.

The question is not new in this jurisdiction. More than forty years ago this court, in *People* v. *Rivera, alias Panchito,* 7 P.R.R. 325, held:

''The information shall allege only one offense, but the same may be alleged in different terms and under distinct counts; but when the offense has been committed by the use of different means the means can be alleged alternatively . . . and is not obnoxious to the objection that it charges more than one offense.''

This doctrine was repeatedly applied and reaffirmed. It will be sufficient for us to cite but two cases, *People* v. *Collazo,* 20 P.R.R. 190, and *People* v. *Díaz,* 22 P.R.R. 177, 179. In the first of these cases, to quote from the syllabus, it was said:

''When, as in the case of section 368 of the Penal Code, a statute makes it a crime to commit any one of several acts mentioned disjunctively, all or any of them may be charged conjunctively and the information will not be considered as containing the defect of duplicity.''

In the second, to quote also from the syllabus, it was held:

''When an information charges different offenses or ways of committing them, a sufficient allegation and proof of any of them justify a conviction.''

We fail to find anything in the citation from Wharton that might be in conflict with the decisions of this court.

▇▇▇▇ In a supplemental brief filed by the appellant with leave of court, it is argued that, as the search warrant pursuant to which certain articles had been seized was void, and as the defendant had been convicted upon evidence obtained under such void search warrant, a reversal of the judgment would in any case lie.

As appears from the stenographic notes attached to the motion, the defendant at the trial, through his counsel, raised verbally the following question:

"... that the court order the delivery of certain evidence procured in the instant case by virtue of a search warrant issued by the Judge of the Municipal Court, on the ground that the order so issued by said magistrate is void and ineffective and can not furnish legal justification for the search and seizure carried out by the Chief of Insular Police of the District of Aguadilla in the home of defendant, because the search warrant was issued relying on affidavits which are insufficient in law to authorize the issuance of the search warrant in question, and the affidavits being insufficient, the search warrant itself was illegally issued, the search was illegally performed, and the seizure of the articles was effected in violation of the law and the decisions."

The court ruled as follows:

"The court, after carefully considering all the jurisprudence applicable to the question raised by the defendant in regard to the return of the articles seized from the defendant, which articles are used in the practice of dental surgery, holds, in the first place, that said motion comes too late, as it was presented at the time of the trial and after the case had been called for trial; in the second place, that the motion attached to the record by the learned counsel for the defendant fails to allege grounds sufficient for the court to go into the merits of the same, that is, it fails to allege that the articles seized in compliance with the search warrant issued by the Municipal Judge belonged to the defendant or were in his possession; ..."

Such being the facts, we think that the trial court proceeded in accordance with the law and the decisions in deny-

ing defendant's motion and, consequently, that the new error assigned by him is without merit.

An objection to the admission of evidence procured by means of an illegal search warrant, made at the trial, comes too late, as was held in *People* v. *Lebrón,* 46 P.R.R. 569. See also *People* v. *Cerecedo,* 21 P.R.R. 52.

Recently, in *People* v. *Capriles,* 58 P.R.R. 551, 559, it was said:

"In the case at bar it does not appear that the defendant attacked the validity of the search warrant in the municipal court; but as we have said, that omission could not prevent him from raising said question in the district court, provided that he did that, as actually happened, before the date set for the trial."

Moreover, the motion was clearly insufficient. We know its wording and what the court said, and to it is perfectly applicable the holding made in *People* v. *Roldán,* 42 P.R.R. 918, thus:

"Where a motion to set aside a search warrant fails to contain any allegation to the effect that the articles seized belonged to or were in the possession of the petitioner, or that the search and seizure was carried out in his premises, he can not contest the validity or legality of the search warrant, nor the manner in which the latter was procured and executed."

The appeal must be overruled and the judgment appealed from affirmed.